Brady, J.
The defendant, for the purpose of securing a sum due from him to the plaintiff, executed to the latter a mortgage, so called by the plaintiff, upon a lot in “The Greenwood Cemetery.” The money is by the instrument to be paid within one year with interest, and the defendant reserves the privilege of interring in the lot within the year the remains of any of his family in the event of death. The plaintiff seeks to enforce this security by the usual decree and sale in foreclosure proceedings. The defendant demurs upon the ground that the complaint does not state facts sufficient to constitute a cause of action. Section 5 of the act incorporating Greenwood Cemetery provides that the real estate of the corporation and the lots or plots when conveyed by the corporation to individual proprietors shall be exempt from assessment and not liable to be sold on execution, or to be applied to the payment of debts by assignment under any insolvent law. There is no prohibition in this statute against the conveyance of *69 these lots or plots, and the right of transfer for aught that appears is undoubted. The instrument upon which this action is brought is treated as a mortgage, and doubtless must be so regarded, but the reservation of the right by the mortgagor to bury any of his family in the plot mortgaged would indicate that the intention was not to pass the title to the mortgagee. It is not within the range of financial or commercial affairs to suppose that a man designed to transfer the remains of any of his family, even conditionally, which must be the. effect of the mortgage and a failure to discharge the obligation, the performance of which it is given to secure.
Regarding it in the light of a mortgage security, I think it is not to be sustained. It is against good morals, and therefore against the policy of the law, to encourage such instruments. The legislature have so declared substantially in providing that the lot or plot shall not be liable to be sold on execution, as appears by the act referred to. Assuming, however, that the instrument is not bad for the reason assigned! it nevertheless cannot be enforced so far as to sell the property. The decree of foreclosure is an equitable execution, and no distinction is made in the statute between such and any other executions.
The language is, ‘ ‘ not liable to be sold on execution,” and further, “or to be applied to the payment of debts by assignment under any insolvent law.” If the owner’s assignee in insolvent proceedings, who takes the property of the assignee for the purpose of paying the debts of the latter, cannot take and apply the lot, there is no seeming reason why under the statute a mortgagee who takes to pay his debts should not be within its purview and prohibited. - The conveyance absolute of the lot is entirely different from a mortgage. It passes the title absolutely without exposing the transaction to the unfortunate, if not de *70 moralizing result of a sale of the sanctuary of the dead —a character which may be given to the lot by interment therein after the execution of the mortgage.
The question presented in this demurrer is not free from embarrassment I admit, and I state my conclusions not without some doubt about their correctness, but they embody my judgment after a careful consideration of the subject.
From the judgment sustaining the demurrer the • plaintiff appealed to the court at general term.
By the Court.—Ingraham, P. J. [After stating the facts.]
There can be no doubt that the conveyance, by itself, was a valid instrument, which the defendant had a right to execute, and which the plaintiff might accept. It was for a good consideration, and transferred the title to' the lot to the plaintiff. The only question is whether the defeasance executed by the plaintiff at the same time—in which he agreed to reconvey the property on receiving a certain amount, with interest— vitiates the conveyance. I have remarked that the owner had a right to grant the lot absolutely. I see no reason why he might not, under these two instruments, have sustained an action for a strict foreclosure, and thereby obtained a perfect title. Such a decree or judgment would not have required any execution to enforce it, and would not have come within the prohibition of the statute.
The statute (Laws of 1838, p. 298, ch. 298, § 5) provides that the plots, when conveyed to individuals, shall not be liable to be sold on execution, or to be applied to the payment of debts by assignment under any insolvent law. This is evidently intended to prevent the sale of the property for the payment of the debts of the owner against his will by process of law, or by a general assignment under an insolvent act. The fore *71 closure of a mortgage does not require any execution or assignment to carry it into effect. The judgment itself directs the officer to sell, and the sale is made under the judgment, and not by virtue of an execution.
Although the plaintiff claims a sale of the premises in his complaint, still he states facts sufficient to show that he is entitled to a strict foreclosure without a sale, and so' far as this action is attacked by the demurrer, the objection of the statutory provision would not deprive him of 'that remedy. The statute was not intended to apply to any voluntary act of the owner by which his title to the lot was to be affected. He has taken the price for it, and given his consent to a transfer; he cannot now retain the money and at the same time object that the instrument given to secure the same is void. Ho such result can fall on the acceptance and retention of the money, except in cases in which by statute the security is declared to be void.
It is suggested that to permit such a mortgage to be held valid, was against public morals. I can see no difference, so far as a question of morals is involved, between a sale by an absolute conveyance and a sale by a conditional conveyance. In the one case the title to the property is' changed at once ; in the other, the grantor has the right to retain the property by repayment of the money he has received. However objectionable it may seem to allow such transfers of plots intended and used for burial purposes, an absolute prohibition against conveyances such as is contained in the act (Laws of 1847, p. 129, ch. 133, § 11) passed by the legislature is necessary before the courts can declare them to be invalid. >
The judgment should be reversed, and judgment ordered for plaintiff on demurrer, with leave to the defendant to answer on payment of costs
*72 Gh Gr. Babhabd, J., concurred.
Judgment reversed, and a decree of strict foreclosure granted.